IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**GUIDEONE INSURANCE COMPANY**                                        **PLAINTIFF**

**VERSUS**                            **CIVIL ACTION NO. 2:06cv229KS-MTP**

**JOHN BRIDGES AND PERRY SMITH**                                 **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion to Strike Expert Testimony **[#102]** filed on behalf of defendant John Bridges.  The court, having reviewed the motion, the response, the briefs of counsel, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion is partially not well taken and should be denied in part and granted in part.  The court specifically finds as follows:

### FACTUAL BACKGROUND

The court has set forth the facts surrounding the genesis of this litigation in other orders and opinions previously entered herein and will repeat only those necessary for a clear understanding relative to this motion.  On the morning of May 18, 2006, while John Bridges was running errands in Seminary, his home caught fire and was rendered a total loss.  Apparently, a scented candle left burning was the origin of the fire.  Bridges was insured by the plaintiff, GuideOne.

Thereafter, Bridges filed a claim in the form of a Sworn Statement and Proof of Loss with the plaintiff for damage to his home and contents.  After investigating the

claim, on September 26, 2006, the plaintiff denied Bridges' claim stating: (1) Bridges made material misrepresentations in his application for insurance; (2) Bridges committed civil arson; and (3) Bridges made other misrepresentations in his application for insurance that were not material, but caused the plaintiff to award Bridges discounted premiums that he did not deserve.

On October 10, 2006, GuideOne filed a Complaint for Declaratory Judgment against Bridges alleging that he made material misrepresentations concerning his home during the application process and requesting the court to enter a declaratory judgment that GuideOne had properly rescinded the policy and refused to pay the claim. Of importance for this Motion though, GuideOne accused Bridges of intentionally setting the fire to his home. Bridges answered and filed a Counterclaim against GuideOne for bad faith in its denial of his claim and in the adjustment process, and sought actual and punitive damages.

This court conducted a Case Management Conference ("CMC") with the attorneys on April 11, 2007, wherein a Case Management Order ("CMO") was entered, The CMO directed GuideOne to make its pre-discovery disclosures on or before March 20, 2007, and to designate its experts by August 1, 2007. GuideOne provided its pre-discovery disclosures on May 22, 2007. Included in these disclosures was a report by Gary Jones, issued on May 23, 2006, classifying the cause of the fire as "undetermined since a lit candle can start a fire either through carelessness or be deliberately ignited."

On August 1, 2007, GuideOne filed its Expert Disclosure identifying Jones as its cause and origin expert and stating that his opinions are contained in his May 23, 2006, report. It identified the materials reviewed by Jones as photographs, field notes, field

diagram, lab report, discussion with Cary Smith, Senior Claims Adjuster of GuideOne Insurance Company, and Additional Materials Packet containing a CD with 36 photographs.

As a result of GuideOne filing an Amended Complaint on October 15, 2007, adding its agent, Perry Smith, as a defendant, the court conducted a second CMC on January 16, 2008. The new CMO directed GuideOne to designate experts by April 1, 2008, and that the parties complete discovery by July 1, 2008. The discovery cutoff was later extended to August 1, 2008, by Order dated June 25, 2008, **[#68]**. GuideOne made no additional written expert disclosures nor any written supplementation of its previous expert disclosure prior to the close of discovery.

The parties took Jones' deposition by agreement on August 8, 2008. At that time, Jones informed the plaintiff's counsel that he had changed his opinion on the cause of the fire from "undetermined" to arson by Bridges. Jones asserted that he had changed his opinion prior to the initial denial of the claim in September of 2006 based on a telephone conversation he had with Larry Canada, counsel for GuideOne, after being informed of information from Bridges' Examination Under Oath taken by Canada. Jones allegedly did not actually review Bridges' statement, instead relying on information from the statement relayed to him by Canada.

Alleging violations of the scheduling orders of this court, the Federal Rules of Civil Procedure, and the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi in failing to supplement Gary Jones' report and in failing to update its discovery responses to reflect the alleged change in Jones' opinion, Bridges has asserted that his counsel was sandbagged in his

preparation to depose Gary Jones and in his preparation of this case.  Counsel for Bridges asks the court to strike the testimony of Gary Jones or at least that portion which is inconsistent with the opinion expressed in his report provided in the pre-discovery disclosure.  Bridges also asks the court to issue appropriate sanctions including attorney's fees and other expenses for the acts of GuideOne and its counsel in failing to following Rule 26 of the Federal Rules of Civil Procedure and the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi as authorized by Rule 37 and other authority.

In the alternative, counsel for Bridges asks the court to require GuideOne to prepare a supplemental report of Gary Jones, including any notes he received from Larry Canada; to require Larry Canada to turn over any notes or other documentation provided to Gary Jones; for Larry Canada and Gary Jones to turn over their time records showing the dates on which they conferred, and the matters about which they conferred so that this court and counsel for Bridges can determine exactly when Jones changed his opinion and exactly what factors or information caused him to change his opinion.  Bridges also requests the court to require Gary Jones and Larry Canada to submit to depositions at the expense of GuideOne or its counsel for their alleged violations of the Federal and Local Rules.

GuideOne responds by stating that on May 14, 2008, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, counsel for the defendants John Bridges and Perry Smith deposed Kathleen Alverio, Senior Special Investigations Unit Specialist for GuideOne.  In her deposition, Ms. Alverio stated that GuideOne determined that defendant Bridges' fire was incendiary partly on the basis both of Gary Jones' Expert

Report and of subsequent statements Jones made to GuideOne.

Specifically, Ms. Alverio explained that she participated in a conference call with Jones, GuideOne counsel Larry Canada, the adjuster and perhaps other GuideOne employees in which Jones stated his opinion that the fire was not accidental. (Deposition of Kathleen Alverio, pp. 85-86). According to Alverio, Jones explained in that conversation that something – possibly the curtains on the window in the room – must have been shoved into the mason jar candle that started the fire for the house to have burned as it did. *Id.* at 86. Ms. Alverio stated that it was her belief, based upon her conversation with Jones, that someone stuck the curtains in the mason jar and started the fire.

During her deposition, counsel for Bridges asked Alverio if Gary Jones had issued a report, subsequent to his original report, that stated the fire was caused by arson rather than by an undetermined cause. Alverio responded that Jones had probably given his opinion in a statement to her and not through a formal report. *Id.* at 88. There was some confusion as to whether Jones had actually issued a subsequent written report or not. Alverio and counsel Canada seemed to think he had and Canada informed counsel for Bridges that he would furnish it to him. Of course, as it turns out, no supplemental written report was ever prepared by Jones and thus, none was forthcoming. Nevertheless, based on this exchange, GuideOne argues that Bridges was on notice of the change in Jones' opinion no later than May 14, 2008, well in advance of the discovery cutoff and Jones' deposition.

The Uniform Local Rules of the United States District Court for the Northern and Southern Districts of Mississippi state:

**Rule 26.1     DISCOVERY CONTROL**

    **(A)     Pre-Discovery Disclosure of Core Information/Other Cooperative Discovery Devices.**

. . .

    **(2)     Expert Witnesses**. A party shall, as soon as it is obtained, but in the event no later than the time specified in the case management order make disclosure as required by FED.R.Civ.P. 26(a)(2)(A).

. . .

    (b)     An attempt to designate an expert without providing full disclosure or information as required by this rule will not be considered a timely expert designation and may be stricken upon a proper motion or sua sponte by the Court.

. . .

    (e)     A party is required to supplement an experts opinion in accordance with Fed.R.Civ.P. 26(e).

. . .

    **(5)     Supplementation of Disclosures.** A party is under a duty to supplement disclosures at appropriate intervals pursuant to FED.R.Civ.P. 26(e) and in no event later than the discovery cut-off established by the scheduling order.

FED.R.Civ.P. 26(a)(2)(B) deals with disclosure of expert testimony. That rule requires a party designating an expert to accompany that designation with a written report prepared and signed by the witness which must contain the following: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case. Under 26(2)(a)(C), a party must make those

disclosures as ordered by the Court, and under 26(2)(a)(D) must supplement those disclosures as required under Rule 26 (e).  Rule 26(e) states:

**(e)     Supplementing Disclosures and Responses.**

> **(1)     In General.**  A party who has made a disclosure under Rule 26(a) - or who has responded to an interrogatory, request for production, or request for admission - must supplement or correct its disclosure or response:
>
>> **(A)**     in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>>
>> **(B)**     as ordered by the court.
>
> **(2)     Expert Witness.**  For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26 (a)(3) are due. Rule 26(e)(1)(4)(a)requires an expert to issue a report prior to his deposition. Rule 26(e)(1)and (2) require supplementation by the time the party's pretrial disclosures under 26 (a)(3) are due.

GuideOne asserts that it timely supplemented Jones' report by way of Alverio's deposition testimony.  According to the plaintiff, the transcript of her testimony demonstrates that Bridges' counsel was informed of Jones' opinion that the fire had been intentional, when Jones's opinion had been communicated to GuideOne, how that opinion had been communicated, and the basis for the opinion.  Thus, GuideOne argues that since the deposition constitutes notice to the defendant during the discovery process, GuideOne was under no duty under the Rules to submit a written supplement to its expert disclosure.  Further, GuideOne asserts that because the deposition of Gary Jones was not held until August 8, 2008 - twelve weeks after the

deposition of Kathleen Alverio - counsel for defendant Bridges had ample time after being notified of the change in Jones' opinion to prepare for his deposition.

The court agrees with GuideOne that Bridges' counsel was put on notice as to the change in Jones' opinion no later than May 14, 2008, well within the discovery period. Further, because the deposition of Jones was taken by agreement of the parties, albeit one week after the close of discovery, Bridges has waived any failure to timely supplement the opinion as to what was said in the deposition. Expert opinions supplemented by deposition testimony within the time limits of Rule 26, and at least ninety days prior to trial, are timely. *See Brawhaw v. Mariner Health Care, Inc.*, 2008 WL 2004707 (N.D. Miss. 2008).

That being said, the failure of GuideOne to furnish an earlier updated written opinion of Jones causes the court concern. Bridges is correct that this case went on for nearly two years under the assumption that GuideOne's expert had issued an opinion that the cause of the fire was "undetermined." Because of the occurrence of a couple of fortuitous events, Bridges' counsel was not able to convince the court that Jones' change in opinion should be stricken. That finding does not affect the credibility issues surrounding the change in Jones' opinion nor this court's concern that the discovery rules have been dealt with rather cavalierly. Attorneys should never take their obligations to timely supplement discovery so lightly nor trust accidental circumstances of good luck. They are under an affirmative duty to comply with the rules of court. Counsel for GuideOne is admonished to strictly and carefully comply with the rules of discovery in the future.

In the event the court does not strike or limit Jones' testimony, Bridges has

asked in the alternative, to have GuideOne furnish a written supplementation of Jones' opinion and to allow him to re-depose Jones at the expense of GuideOne. The court finds that this request should be granted and that GuideOne should furnish a written supplementation of Jones' opinion within ten days of this order and that it should submit Jones for re-examination under oath within twenty days from the date of this order, all at the cost of GuideOne. That written supplementation shall include the exact information furnished to Jones by Larry Canada, Kathleen Alverio or any other person which caused him to change his opinion.

The court further finds that the billing records of counsel Larry Canada and of Gary Jones indicating the date of the phone conference, or of any other dates the two conferred which led to information being disseminated to Jones which led to Jones changing his opinion, should be furnished to counsel for Bridges within ten days of this order. If the information ordered to be produced does not resolve this issue, counsel for Bridges may petition the court for such further relief as is required.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Strike Expert Testimony **[#102]** filed on behalf of defendant John Bridges is denied in part and granted in part.

IT IS SPECIFICALLY ORDERED that GuideOne shall furnish a written supplementation of Jones' opinion within ten days of this order and that it should submit Jones for re-examination under oath within twenty days from the date of this order, all at the cost of GuideOne. That written supplementation shall include the exact information furnished to Jones by Larry Canada, Kathleen Alverio or any other person which caused him to change his opinion.

IT IS FURTHER ORDERED that the billing records of counsel Larry Canada and of Gary Jones indicating the date of the phone conference, or of any other dates the two conferred which led to information being disseminated to Jones which led to Jones changing his opinion, should be furnished to counsel for Bridges within ten days of this order.

IT IS FURTHER ORDERED that counsel for Bridges may petition the court for such other and further relief as is required.

SO ORDERED AND ADJUDGED, this the 18th day of September, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE