# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**GUIDEONE INSURANCE COMPANY**                                        **PLAINTIFF**

**VERSUS**                                   **CIVIL ACTION NO. 2:06cv229KS-MTP**

**JOHN BRIDGES AND PERRY SMITH**                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion for Reconsideration of Denial of Right to Present Evidence of Punitive Damages [#158] filed on behalf of defendant John Bridges. The court, having reviewed the motion, the response, the briefs of counsel, the pleadings and exhibits on file and having conducted a four day trial in this matter finds that the motion is not well taken and should be denied. The court specifically finds as follows:

The court has exhaustively stated the primary facts of this case and the record of the trial will speak for itself. However, the main factual basis for this action, stated briefly, are that on the morning of May 18, 2006, while Bridges was running errands in Seminary, his home caught fire and was rendered a total loss. Thereafter, Bridges filed a claim in the form of a Sworn Statement and Proof of Loss with the plaintiff for damage to his home and contents. After investigating the claim, the plaintiff denied it stating: (1) Bridges made material misrepresentations in his application for insurance; and (2) Bridges committed civil arson, among other things. The jury disagreed with the plaintiff's theory of the case and awarded substantial compensatory damages to Bridges.

Upon a request for submission of the punitive damages issue to the jury, this court found that Bridges failed to prove by clear and convincing evidence that GuideOne acted with actual fraud, malice, or gross negligence, that GuideOne had relied on valid theories of law in denying Bridges' claim, and refused to submit the issue of punitive damages to the jury. Bridges now asks the court to reconsider that decision.

The court is unsure of the procedural mechanism by which Bridges would have this court proceed, as he has not asked for a new trial, but only that the court reconsider its ruling. Presumably, he is seeking a new trial only the punitive issue, but without such a motion, the court will not act *sua sponte*. Nevertheless, the court will reaffirm the basis of its original ruling.

It is well settled in Mississippi that punitive damages are to be assessed only in extreme cases. See *Gardner v. Jones*, 464 So. 2d 1144, 1148 (Miss. 1985). "Mississippi law does not favor punitive damages; they are considered an extraordinary remedy and are allowed with caution and within narrow limits." *Life & Cas. Ins. Co. of Tenn. v. Bristow*, 529 So.2d 620, 622 (Miss.1988). Further,

> [a]s a general rule, exemplary or punitive damages are 'added damages' and are in addition to the actual or compensatory damages due because of an injury or wrong. The kind of wrongs to which punitive damages are applicable are those which, besides the violation of a right or the actual damages sustained, import insult, fraud, or oppression and not merely injuries, but injuries inflicted in the spirit of wanton disregard for the rights of others.

*Summers ex rel. Dawson v. St. Andrew's Episcopal School, Inc.*, 759 So.2d 1203, 1215 (Miss.2000) (citing *Fowler Butane Gas Co. v. Varner*, 244 Miss. 130, 150-51,141 So.2d 226, 233 (1962)). See also, *Paracelsus Health Care Corp. v. Willard*, 754 So.2d 437, 442 (Miss.1999). "In order to warrant the recovery of punitive damages, there must enter into the injury some element of aggression or some coloring of insult, malice or gross negligence, evincing ruthless disregard for the rights of others, so as to take the

case out of the ordinary rule." *Id.* (citing 15 Am.Jur., Damages, Sec. 265, p. 698). When deciding whether to submit the issue of punitive damages to a trier of fact, the court is required to examine the totality of the circumstances as established by the record, to determine if a reasonable, hypothetical trier of fact could find either malice or gross neglect/reckless disregard in order to justify the imposition of punitive damages. See *Ross-King-Walker, Inc. v. Henson*, 672 So.2d 1188, 1191 (Miss.1996).

Based on the foregoing well settled principles of law, the Mississippi Supreme Court has instructed that "in order for the issue of punitive damages to warrant jury consideration, [the plaintiff] must show that a question of fact exists as to whether the aggregate of [the defendants'] conduct . . . evidences willful or wanton conduct or the commission of fraud. *Bradfield v. Schwartz*, --- So.2d ----, 2006 WL 1350051, *5 (Miss. 2006). The *Bradfield* Court went on to discuss the statutory procedure for the determination of whether the issue of punitive damages should ultimately be presented to the jury. In so doing, the court quoted the language of Miss. Code Ann. § 11-1-65 which provides

> (1) In any action in which punitive damages are sought:
>
> (a) Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.
>
> (b) In any action in which the claimant seeks an award of punitive damages, the trier of fact shall first determine whether compensatory damages are to be awarded and in what amount, before addressing any issues related to punitive damages.
>
> (c) If, but only if, an award of compensatory damages has been made against a party, the court shall promptly commence an evidentiary hearing to determine whether punitive damages may be considered by the same trier of fact.
>
> (d) The court shall determine whether the issue of punitive damages may

be submitted to the trier of fact; and, if so, the trier of fact shall determine whether to award punitive damages and in what amount.

Miss. Code Ann. § 11-1-65(1)(a)-(d). In *Bradfield,* the court held that once the jury returned a verdict for compensatory damages, the circuit court "should have automatically proceeded to the punitive damages phase of the trial," where "evidence concerning punitive damages [could] be presented separately at a subsequent evidentiary hearing." At *6-7.

At trial, this court concluded that Bridges had not shown "that a question of fact exists as to whether the aggregate of [GuideOne's] conduct . . . evidences willful or wanton conduct" and, thus, refused to submit the issue of punitive damages to the jury. *See id.* The court specifically held that Bridges failed to prove by clear and convincing evidence that GuideOne had acted with malice, fraud, or gross negligence. Bridges has offered nothing new that was not considered by the court in the pretrial summary judgment motions or at the trial of this matter and the motion should be denied.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Reconsideration of Denial of Right to Present Evidence of Punitive Damages **[#158]** filed on behalf of defendant John Bridges is denied.

SO ORDERED AND ADJUDGED, this the 2nd day of March, 2009.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE