# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**GUIDEONE INSURANCE COMPANY**                               **PLAINTIFF**

**VERSUS**                                **CIVIL ACTION NO. 2:06cv229KS-MTP**

**JOHN BRIDGES AND PERRY SMITH**                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion for Attorney Fees **[#160]** filed on behalf of defendant John Bridges. The court, having reviewed the motion, the response, the briefs of counsel, the pleadings and exhibits on file and having conducted a four day trial in this matter is finds that the motion is not well taken and should be denied. The court specifically finds as follows:

The court has exhaustively stated the primary facts of this case and the record of the trial will speak for itself. However, the main factual basis for this action, stated briefly, are that on the morning of May 18, 2006, while Bridges was running errands in Seminary, his home caught fire and was rendered a total loss. Thereafter, Bridges filed a claim in the form of a Sworn Statement and Proof of Loss with the plaintiff for damage to his home and contents. After investigating the claim, the plaintiff denied it stating: (1) Bridges made material misrepresentations in his application for insurance; and (2) Bridges committed civil arson, among other things. The jury disagreed with the plaintiff's theory of the case and awarded substantial compensatory damages to Bridges.

The court denied Bridges' original request to submit the issue of attorney fees to

the jury and now he has submitted the issue to this court. In doing so, he states that Mississippi law permits attorney fees against an insurance company as a foreseeable consequence of failure to pay a valid claim, even when the denial does not rise to the level of bad faith allowing the imposition of punitive damages. *See Universal Life Insurance Co. v. Veasley*, 610 So.2d 290 (Miss. 1992). However, GuideOne asserts that Bridges' position is a misstatement that attempts to broaden *Veasley's* holding, the application of which has been uniformly limited to extraordinary fact patterns by both the Mississippi Supreme Court and the Fifth Circuit. Indeed, in discussing *Veasley*, the Mississippi Supreme Court has stated that "[i]ts application should be limited." *Willard v. Paracelsus Health Care Corp.*, 681 So.2d 539, 545 (Miss. 1996). The Court noted in *Willard* that *Veasley's* holding addresses the peculiar problem of a lack of proper damages for the improper denial of an insurance claim.

Absent statutory or contractual provisions, attorneys' fees are not generally recoverable unless punitive damages are also proper. *Miss. Power Co. v. Hanson*, 905 So.2d 547, 552 (Miss. 2005). The Fifth Circuit has also recognized that the prevailing view in Mississippi is that attorneys' fees are not recoverable absent an award of punitive damages. *Greer v. Burkhardt*, 58 F.3d 1070, 1074 (5th Cir. 1995). However, attorneys' fees can be awarded in the absence of punitive damages, but only in cases where the insurer lacks an arguable basis for denying the claim at issue. *Id.*

In support of his Motion for attorney's fees, Bridges' offers the same factual arguments he has previously advanced in support of his bad faith claims which this court has already rejected in denying the submission of the punitive damages issue to the jury. The court gave an instruction on extra-contractual damages without objection and the jury awarded substantial extra-contractual damages. This is not a case of a

wrong without a remedy which *Veasley* was designed to overcome. As the court did not allow the issue of punitive damages to go to the jury, and in light of the jury's substantial award of extra-contractual damages, the court finds that an award of attorney's fees is unwarranted.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Attorney Fees **[#160]** filed on behalf of defendant John Bridges is denied.

SO ORDERED AND ADJUDGED, this the 12th day of March, 2009.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE