# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**GUIDEONE INSURANCE COMPANY**                                       **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 2:06cv229KS-MTP**

**JOHN BRIDGES AND PERRY SMITH**                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion for Judgment as a Matter of Law, or, in the Alternative, for New Trial and Remittitur **[#162]** filed on behalf of the plaintiff, GuideOne Insurance Company. The court, having reviewed the motion, the response, the briefs of counsel, the pleadings and exhibits on file and having conducted a four day trial in this matter is finds that the motion is not well taken and should be denied. The court specifically finds as follows:

The court has exhaustively stated the primary facts of this case and the record of the trial will speak for itself. However, the main factual basis for this action, stated briefly, are that on the morning of May 18, 2006, while Bridges was running errands in Seminary, his home caught fire and was rendered a total loss. Thereafter, Bridges filed a claim in the form of a Sworn Statement and Proof of Loss with the plaintiff for damage to his home and contents. After investigating the claim, the plaintiff denied it stating: (1) Bridges made material misrepresentations in his application for insurance; and (2) Bridges committed civil arson, among other things. The jury disagreed with the plaintiff's theory of the case and awarded substantial compensatory damages to Bridges. The plaintiff has now asked the court to reconsider its denial of a judgment as

a matter of law or to grant it a new trial or order a remittitur.

## MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT

The Fifth Circuit, in *Boeing Co. v. Shipman*, 411 F.2d 365 (5th Cir. 1969) set forth the standard of review as to motions for a directed verdict and for judgment notwithstanding the verdict:[1]

> On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence - not just that evidence which supports the non-mover's case - but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper.

*Id*. at 374. Further,

> There is an important distinction between a motion for a directed verdict or a motion for a judgment n.o.v. on the one hand and a motion for a new trial on the other. In passing on a motion for a directed verdict, or for judgment n.o.v., the court does not exercise discretion, but decides a pure question of law, that is, whether the evidence, considered in the light most favorable to the party against whom the motion is directed, affords substantial support for a verdict in his favor.

*United States use of Weyerhauser Co. v. Bucon Construction Co.*, 430 F.2d 420, 423-24 (5th Cir. 1970). *See also National Car Rental System, Inc. v. Better Monkey Grip Co.*, 511 F.2d 724 (5th Cir.1975); *cert. denied, Better Monkey Grip Co. v. National Car Rental System, Inc.*, 423 U.S. 894, 96 S.Ct. 193, 46 L.Ed.2d 126 (1975); and *cert. denied, National Car Rental System, Inc. v. Better Monkey Grip Co.*, 423 U.S. 986, 96 S.Ct. 394, 46 L.Ed.2d 303 (1975).

---

[1] Pursuant to the amendment to Rule 50, Federal Rules of Civil Procedure, effective December 1, 1991, a Motion for Directed Verdict and a Motion for Judgment Notwithstanding the Verdict are now referred to as a Motion for Judgment as a Matter of Law.

## **MOTION FOR NEW TRIAL/REMITTITUR**

The plaintiff moves alternatively for a new trial or a remittitur on the ground that the verdict lacks evidentiary support in the record and is thus against the great weight of the evidence. There are a number of Fifth Circuit cases which set forth the standard of review on motions for a new trial:

> A trial judge can grant a motion for a new trial if he believes the verdict is contrary to the weight of the evidence. He is free to weigh the evidence in considering this motion.

*Robin v. Wilson Bros. Drilling*, 719 F.2d 96, 98 (5th Cir.1983).

> The trial court in passing on a motion for new trial need not take the view of the evidence most favorable to the verdict winner, but may weigh the evidence. *Bazile v. Bisso Marine Co., Inc.*, 5 Cir. 1979, 606 F.2d 101, 105,; *cert. denied*, 1980, 449 U.S. 829, 101 S.Ct. 94, 66 L.Ed.2d 33; 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil §2806 at 44-45 (1973).

*Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir.1982).

> In making this determination [on a motion for new trial], the district court weighs all the evidence, but need not view it in the light most favorable to the nonmoving party.

*Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir.1985).

> When a new trial is requested on such evidentiary grounds [against the weight of the evidence] the motion should not be granted unless the verdict is against the great, not merely the preponderance, of the evidence. *Conway v. Chemical Leaman Tank Lines, Inc.*, 610 F.2d 360, 362-63 (5th Cir. 1980); *Herrmann v. Nicor Marine Co., Inc.*, 664 F.Supp. 241, 245 (E.D. La. 1985).

*Jones v. Wal-Mart Stores, Inc.*, 870 F.2d 982, 986, (5th Cir. 1989). The *Jones* court went on to state:

> [T]he verdict must be affirmed unless the evidence points "so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary [conclusion]. *Whatley v. Armstrong World Industries,* Inc., 861 F.2d 837, 839 (5th Cir. 1988),

quoting *Boeing Co. v. Shipman,* 411 F.2d 365, 374 (5th Cir. 1969).

*Id.* at 987.

The verdict under attack must be against the "great weight" of the evidence as opposed to merely the "greater weight" of the evidence;

> In a further effort to prevent the trial judge from simply substituting his judgment for that of the jury, we require that new trials should not be granted on evidentiary grounds "unless, at a minimum, the verdict is against the great -- not merely the greater -- weight of the evidence". *Conway* 610 F.2d at 363 (citing *Spurlin v. General Motors Corp.*, 528 F.2d 612, 620 (5th Cir. 1976).

*Shows v. Jamison Bedding, Inc.*, 671 F.2d at 930.

When reviewed under this standard, the trial court has broad discretion to grant or deny a motion for new trial:

> The decision to grant or deny a motion for a new trial is generally within the sound discretion of the trial court, and reversible only for an abuse of that discretion. 6A Moore's Federal Practice ¶ 59.08[5] at 59-156 to 163; 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil §2812 at 118-19 (1973).

*Id.* at 930. However, the grant of a new trial, as opposed to a denial, is subject to a heightened scrutiny in this circuit:

> . . . we apply a broader review to orders granting new trials than to orders denying them. *Conway v. Chemical Leaman Tank Lines, Inc.*, 610 F.2d 360, 362 ( 5th Cir. 1980)(per curiam), *reh. denied*, 614 F.2d 1298. And where a new trial is granted on the ground that the verdict is against the weight of the evidence, we exercise particularly close scrutiny, to protect the litigants' right to a jury trial. *Massey*, 508 F.2d at 95.

*Id.* at 930.

This was a classic jury case. There was substantial conflict between the parties as to the facts. It was a proper case to submit all the relevant evidence to the jury and let the jury make its determinations of credibility and fact. It is apparent to the court as

evidenced by the special verdict that certain critical issues of credibility and fact were determined by the jury against the plaintiff.  However, this is the sole province of the jury.  In the opinion of the court, there was substantial credible evidence to support the verdict of the jury.  The verdict was not the result of bias, prejudice or any other influence outside the evidence and was not contrary to the law as given by the court's instructions.  After a careful review of this matter, this court is not left with the firm conviction that the verdict is against the great weight of the evidence.  Indeed, the court finds that the verdict is supported by substantial evidence and that the motion should be denied.

    IT IS THEREFORE ORDERED AND ADJUDGED that the  Motion for Judgment as a Matter of Law or in the Alternative for  New Trial or Remittitur **[#162]** filed on behalf of the plaintiff is denied.

    SO ORDERED AND ADJUDGED, this the 12th day of March, 2009.

    *s/ Keith Starrett*
    UNITED STATES DISTRICT JUDGE